**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

DAVID GAYTAN,

      Plaintiff,

vs.                           No.: 2:19-CV-00778-SMV-KRS

STATE OF NEW MEXICO,
STATE POLICE OFFICER A.J. ROMERO
IN HIS OFFICIAL AND PERSONAL
CAPACITIES,

      Defendants.

<u>**ORDER GRANTING MOTION TO STAY DISCOVERY**</u>

**THIS MATTER** is before the Court on Defendants' Motion to Stay Discovery, (Doc. 41),

filed July 17, 2020. Defendants request a stay of discovery until their Motion for Judgment on the

Pleadings and for Qualified Immunity, (Doc. 40), is ruled on. Plaintiff filed a response on August

1, 2020, (Doc. 45), and Defendants filed a reply on August 13, 2020, (Doc. 48). Having reviewed

the Motion, record of the case, and relevant law, the Court finds the Motion is well-taken and shall

be GRANTED.

"Qualified immunity is an entitlement not to stand trial or face the other burdens of

litigation. The privilege is an immunity from suit rather than a mere defense to liability[.]" *Jiron*

*v. City of Lakewood*, 392 F.3d 410, 414 (10th Cir. 2004) (quoting *Mitchell v. Forsyth*, 472 U.S.

511, 526 (1985)) (quotation marks omitted); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir.

1992) (citing *Siegert v. Gilley*, 500 U.S. 226, 231-33 (1991)). The doctrine of qualified immunity

protects government officials not only from the costs associated with trial, but also from "the other

burdens of litigation," including "the burdens of broad-reaching discovery." *Mitchell*, 472 U.S. at

526. The Supreme Court has "repeatedly . . . stressed the importance of resolving immunity

questions at the earliest possible stage in litigation." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). "[T]he driving force behind [the] creation of the qualified immunity doctrine was a desire to ensure that insubstantial claims against government officials will be resolved prior to discovery." *Id.* at 231 (quotation marks and brackets omitted). Thus, in general, when a defendant asserts the defense of qualified immunity on a motion to dismiss, the district court should stay discovery until the immunity issue is resolved. *Workman*, 958 F.2d at 336.

There is no dispute that Defendants have raised the defense of qualified immunity in their Motion for Judgment on the Pleadings, (Doc. 40). Nevertheless, Plaintiff opposes a stay of discovery because he asserts the Motion for Judgment on the Pleadings "was filed late in litigation and because most discovery has been already been accomplished in this case." (Doc. 45) at 3. Plaintiff asserts the only outstanding piece of discovery is the deposition of Plaintiff's surgeon. *Id.* at 4.

First, Defendants' Motion for Judgment on the Pleadings was filed well within the deadline to file dispositive motions contained in the Scheduling Order. *See* (Doc. 27) (setting deadline of October 28, 2020 for filing dispositive motions).  Second, Defendants dispute that most discovery has already been accomplished or that the only outstanding deposition is that of Plaintiff's surgeon. (Doc. 48) at 1-2.  Instead, Defendants aver if the Motion for Judgment on the Pleadings is not granted, they wish to depose Plaintiff, other witnesses, and Plaintiff's named experts.  *Id.* at 2. Third, Defendants state that if the Motion for Judgment on the Pleadings is granted, the federal claims will be dismissed and discovery will be unnecessary.  For these reasons, the Court finds that Defendants are entitled to a stay of discovery pending resolution of the qualified immunity defense.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Stay Discovery, (Doc. 41), is GRANTED and discovery is STAYED in this case until Defendants' Motion for Judgment on the Pleadings and for Qualified Immunity, (Doc. 40), is ruled on.  If necessary, after the motion is ruled on, the Court will hold a scheduling conference to reset the deadlines in this case.

**IT IS SO ORDERED**.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE