**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

**DAVID GAYTAN**

    **Plaintiff,**

**v.**                                                                      **No. 19-cv-0778 SMV/KRS**

**STATE OF NEW MEXICO and A. J. ROMERO,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER**
**GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS**
**AND GRANTING PLAINTIFF LEAVE TO AMEND**

THIS MATTER is before the Court on Defendants' Motion for Judgment on the Pleadings, [Doc. 40], filed on July 17, 2020. Plaintiff responded on July 30, 2020, [Doc. 43], and Defendants replied on August 13, 2020, [Doc. 48]. No oral argument was heard because the Motion can be resolved on the briefs. The Court will grant Defendants' Motion because the Complaint, as filed with the Court in the Notice of Removal, [Doc. 1], fails to state a federal constitutional claim against Defendant Romero.[1] Nevertheless, Plaintiff will be granted leave to file an amended complaint.

**Background: Factual and Legal Allegations in the Complaint**

Plaintiff alleges the following facts in his Complaint: Plaintiff owned a lot where he operated a food cart as a licensed food vendor in Socorro, New Mexico. [Doc. 1-1] at 1. State police officers used Plaintiff's lot for traffic stops in the past, and Plaintiff "went through

---

[1] *See* Order to Show Cause, filed concurrently with this Memorandum Opinion and Order, for analysis regarding Defendant State of New Mexico.

appropriate administrative channels" to request "that [s]tate [p]olice no longer pull people over into his lot" because it interfered with his business. *Id.* Defendant Romero worked for the state police in Socorro County. *Id.* On October 12, 2017, Defendant conducted a traffic stop on Plaintiff's lot. *Id.* Plaintiff approached Defendant, after he had "finished citing the motorist," and requested that Defendant leave his lot and not use it in the future for traffic stops. *Id.* at 2. Defendant "became enraged," handcuffed Plaintiff forcibly, put him in the police car, and booked him into custody but never charged him "with any violation of the law." *Id.* Plaintiff was ultimately released. *Id.*

Plaintiff further alleges that he "suffered serious permanent personal injury to his wrist area" and "post[-]traumatic stress syndrome" as a result of his encounter with Defendant Romero. *Id.* Based on the facts alleged above, Plaintiff asserts state law claims of assault, battery, and false imprisonment. *Id.* He then asserts that his constitutional "right to be secure in his private property" was violated when Defendant "illegally conducted a traffic stop on private property without [Plaintiff's] permission." *Id.* He also asserts that his constitutional rights "to be secure in his private property" and "to be able to move freely" were violated when Defendant "falsely and illegally arrested [Plaintiff] and booked him into jail without charges." *Id.*

### Legal Standard: Pleadings

Federal Rule of Civil Procedure 8 requires that a complaint set out a short, plain statement of the claims showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a). Rule 8 also directs courts to construe pleadings "so as to do justice." Fed. R. Civ. P. 8(e). Rule 12 permits the court to order a more definite statement where a complaint is so vague or ambiguous that an opposing

party cannot reasonably prepare a response. Fed. R. Civ. P. 12(e). Finally, Rule 15 provides that

leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2).

### Legal Standard: Motions for Judgment on the Pleadings

The standards to review a motion for judgment on the pleadings and a motion to dismiss

for failure to state a claim under Rule 12(b)(6) are identical. *See Jacobsen v. Deseret Book Co.*,

287 F.3d 936, 941, n.2 (10th Cir. 2002); Fed. R. Civ. P. Rule 12(b)(6). To survive a motion to

dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted

as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Determining whether a complaint

states a plausible claim for relief will . . . be a context-specific task that requires the reviewing

court to draw on its judicial experience and common sense." *Id.* at 679; *see also Christy Sports,*

*L.L.C. v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).

Moreover, the complaint must provide "*more than* labels and conclusions" or merely "a

formulaic recitation of the elements of a cause of action," because "courts are not bound to accept

as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (citation

omitted) (emphasis added). The court's role when reviewing a motion to dismiss for failure to state

a claim "is not to weigh potential evidence that the parties might present at trial, but to assess

whether the plaintiff's complaint alone is *legally sufficient to state a claim* for which relief may be

granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991) (emphasis added). To be legally

sufficient to state a claim for relief, a complaint must assert a legal argument that defendants

violated a particular law or constitutional provision, and it must allege sufficient facts to support

that legal argument.[2] *See Graham v. Connor*, 490 U.S. 386, 394 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 140 (1979)) ("'The first inquiry in any § 1983 suit' is 'to isolate the precise constitutional violation with which [the defendant] is charged.'"). When reviewing a motion to dismiss for failure to state a claim, courts "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief *under the legal theory proposed*." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007) (emphasis added).

## Legal Standard to State Claim Under § 1983

Section 1983 creates only the right of action; it does not create any substantive rights; substantive rights must come from the Constitution or federal statute. *See* 42 U.S.C. § 1983; *Spielman v. Hildebrand*, 873 F.2d 1377, 1386 (10th Cir. 1989). To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: "(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of [state law]." *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002).

## Analysis

In this case, the Complaint outlines the following counts: "(I) Assault; (II) Battery; and (III) False Imprisonment" and "(IV) Using Color of Law to Violate a Plaintiff's Rights, and (V) Violating Plaintiff's Rights as Secured by the United States Constitution and (VI) Violating

---

[2] *See also* Martin A. Schwartz, *Section 1983 Litigation*, 32 (Kris Markarian, ed., Federal Judicial Center 3d ed. 2014) ("Whether the plaintiff has alleged a proper constitutional claim under § 1983 depends on the meaning of the particular constitutional provision at issue, not on an interpretation of § 1983.").

4

Plaintiff's Rights as Secured by the Constitution of the State of New Mexico." [Doc. 1-1] at 2, 3. The Complaint itself is three pages long and provides minimal details, particularly on the law on which its claims are based. *See id.* Defendants contend that the federal constitutional claims (Counts IV and V) fail because they do not contain any reference to specific laws or provisions of the U.S. Constitution upon which relief could be granted. *See* [Doc. 40] at 2, 5–7. Because of these deficiencies, Defendants claim they do not have notice of the claims against them. *Id.* This Court agrees.

Plaintiff has not alleged "a violation of rights protected by the federal Constitution or created by federal statute or regulation," as required to state a § 1983 claim. *See Summum*, 297 F.3d at 1000. The Complaint's entire legal theory on Counts IV and V is:

> 19) Defendant used [] his position as a State Police Officer to violate Plaintiff's right to be secure in his private property, namely the lot Plaintiff owns off Spring Street, when he illegally conducted a traffic stop on private property without the owner's permission.
> 20) Defendant used his position as a State Police Officer to violate Plaintiff's right to be secure in his property and person and to be able to move freely in the community, when [Defendant] falsely and illegally arrested [Plaintiff] and booked him into jail without charges.
> 21) The aforementioned rights are secured by the Constitutions of the United States and the State of New Mexico.

[Doc. 1-1] at 3. Such brief conclusory statements, particularly without any citation to specific governing law, are not sufficient to put Defendants on notice of the *grounds*, or the *legal theory*, of the claims against them. *See Forest Guardians*, 478 F.3d at 1160. Thus, the Complaint is not "legally sufficient to state a claim for which relief may be granted." *See Miller*, 948 F.2d at 1565.

However, the Federal Rules of Civil Procedure require this Court to construe the Complaint "so as to do justice," Fed. R. Civ. P. 8(e), and leave to amend should be freely given "when justice

5

so requires," Fed. R. Civ. P. 15(a)(2). Additionally, the Complaint alleges enough facts to suggest that amendment would not be futile. Therefore, this Court will grant Plaintiff leave to amend his Complaint.

Plaintiff's amended complaint must set out a short, plain statement of his claims showing that Plaintiff is entitled to relief. Fed. R. Civ. P. 8(a). It must contain a more definite statement of the law so that Defendants can reasonably prepare a response. Fed. R. Civ. P. 12(e). To state a claim on which relief can be granted under § 1983, Plaintiff's amended complaint must allege: "(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of [state law]." *Summum*, 297 F.3d at 1000. The allegations must *specifically* state which constitutional rights were violated. To the extent that the Complaint asserts a claim for violation of the Fourth Amendment based on an arrest without probable cause, as suggested by Plaintiff's Response, Plaintiff is granted leave to amend to clarify. *See* [Doc. 44] at 7 (quoting *Keylon v. City of Albuquerque*, 535 F.3d 1210 (10th Cir. 2008) ("A warrantless arrest violates the Fourth Amendment unless it was supported by probable cause.")). To the extent Plaintiff attempts to assert a claim based on Defendant Romero's presence on Plaintiff's property, the Court is not familiar with how trespass can be construed as a federal constitutional claim; Plaintiff would have to cite his legal authority for such a claim. To the extent Plaintiff intended to assert any other federal constitutional claim, Plaintiff is granted leave to amend to specify such legal grounds.

**Conclusion**

The Court finds that Counts IV and V of the Complaint fail to state a federal constitutional claim, and Defendants' Motion for Judgment on the Pleadings will be granted. Nevertheless, Plaintiff will be granted leave to file an amended complaint that meets the requirements of the Federal Rules of Civil Procedure and the requirements to state a claim under § 1983. *See* Fed. R. Civ. P. 8; *Twombly*, 550 U.S. at 555; *Summum*, 297 F.3d at 1000. Plaintiff is notified that failure to file an amended complaint by the deadline will result in dismissal of Counts IV and V with prejudice, and the case will be remanded to state court on the remaining claims.

**IT IS THEREFORE ORDERED** that Defendants' Motion for Judgment on the Pleadings, [Doc. 40], is GRANTED.

**IT IS FURTHER ORDERED** that, pursuant to Rule 12(e), Plaintiff is granted leave to file an amended complaint setting forth a plain, simple, concise, and direct statement of his claims, containing both factual allegations and legal arguments, no later than **December 4, 2020.**

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

7