# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**DAVID GAYTAN**

    **Plaintiff,**

**v.**                                                                                        **No. 19-cv-0778 SMV/KRS**

**STATE OF NEW MEXICO and A. J. ROMERO,**

    **Defendants.**

## ORDER TO SHOW CAUSE

THIS MATTER is before the Court on Defendants' Motion for Judgment on the Pleadings, [Doc. 40], filed on July 17, 2020. Plaintiff responded on July 30, 2020, [Doc. 43], and Defendants replied on August 13, 2020, [Doc. 48]. No oral argument was heard because the Motion was resolved on the briefs. In a Memorandum Opinion and Order, entered contemporaneously herewith, the Court found that Counts IV and V of the Complaint failed to state a claim against Defendant Romero and granted Plaintiff leave to file an amended complaint. Defendants argued that the Complaint also failed to state a claim against the State of New Mexico.[1] [Doc. 40] at 2–3. This Court agrees. Further, on review of the relevant law, it appears that Counts IV and V, as asserted against Defendant State of New Mexico, should be dismissed with prejudice. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Therefore, Plaintiff must show cause why his claims against the State of New Mexico in Counts IV and V of the Complaint should not be

---

[1] To the extent that Defendants argued that qualified immunity should apply to shield Defendant State of New Mexico, such argument is rejected. As a matter of law, qualified immunity is available for government officials, not states as entities. *See, e.g.*, *Anderson v. Creighton*, 483 U.S. 635 (1987). Instead of qualified immunity, a state has sovereign immunity from suit in federal court, unless it consents, such as by removing the case from state court to federal court. *See Cornforth v. Univ. of Okla. Bd. of Regents*, 263 F.3d 1129, 1132 (10th Cir. 2001); *McLaughlin v. Bd. of Trs. of State Colleges of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000).

dismissed with prejudice on the ground that the state is not a "person" and therefore not a proper defendant in § 1983 claims.

Although the State of New Mexico waived its Eleventh Amendment immunity by removing this case to federal court, that wavier would not make it a proper defendant. *See McLaughlin v. Bd. of Trs. of State Colleges of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). A cause of action under § 1983 requires the deprivation of a civil right by a "person" acting under color of state law. 42 U.S.C. § 1983; *Will*, 491 U.S. at 71 ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). Accordingly, the State of New Mexico does not appear to be a proper defendant in Plaintiff's Counts IV and V in this case. *See Will*, 491 U.S. at 71. Thus, Plaintiff must show cause why Counts IV and V against the State of New Mexico should not be dismissed with prejudice.[2] Plaintiff is notified that failure to show cause will result in Counts IV and V of the Complaint being dismissed with prejudice as to Defendant State of New Mexico.

**IT IS THEREFORE ORDERED** that Plaintiff show cause no later than **December 4, 2020**, why his claims against the State of New Mexico in Counts IV and V should not be dismissed with prejudice because the state is not a proper defendant in § 1983 claims.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**

---

[2] For further background on when a State or one of its entities may be liable under § 1983, *see generally* Martin A. Schwartz, *Section 1983 Litigation*, (Kris Markarian, ed., Federal Judicial Center 3d ed. 2014).