IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DAVID GAYTAN**

    **Plaintiff,**

v.   No. 19-cv-0778 SMV/KRS

**STATE OF NEW MEXICO, A. J. ROMERO,
and NEW MEXICO STATE POLICE,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS COUNT V

THIS MATTER is before the Court on Defendants' Motion to Dismiss Count V of the Amended Complaint [Doc. 63], filed on December 18, 2020. Plaintiff responded on January 11, 2021.[1] [Doc. 68].[2] Defendants replied on January 25, 2021. [Doc. 71]. The Court finds that a hearing is not necessary because the Motion can be resolved on the briefs.

The Amended Complaint [Doc. 62] names three Defendants: the State of New Mexico, the New Mexico State Police, and New Mexico State Police Officer A.J. Romero in his official and individual capacities. Count V asserts claims against all Defendants under 28 U.S.C. § 1983 for trespass ("unwarranted intrusion"), malicious prosecution, and false arrest. Having considered the parties' submissions, the record, the relevant law, and being otherwise fully advised in the premises, the Court will grant the Motion in part. The Court finds that Count V fails to state a

---

[1] Plaintiff was granted two extensions of time to respond, so his response was timely filed. *See* [Docs. 66, 70].
[2] With his Response brief, Plaintiff submitted videos of his encounter with Defendant Romero. *See* [Doc. 69]. The Court did not consider this extrinsic evidence because such is not before the Court on a Rule 12(b)(6) motion to dismiss. *See Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991); *Swoboda v. Dubach*, 992 F.2d 286, 287 (10th Cir. 1993).

claim against the State of New Mexico, the New Mexico State Police, and Officer Romero in his official capacity. As for the claims against Romero in his individual capacity, those based on trespass ("unwarranted intrusion") and malicious prosecution will be dismissed with prejudice for failure to state a claim. However, the Motion will be denied as to the claim for false arrest against Romero in his individual capacity. Romero has not convinced the Court that Plaintiff has failed to state a claim for false arrest, or that he is entitled to qualified immunity based on the facts alleged in the Amended Complaint.

**Background: Factual and Legal Allegations in the Amended Complaint**

The Amended Complaint alleges the following facts, which the Court accepts as true for purposes of this motion: Plaintiff owned a lot in Socorro, New Mexico, where he operated a food cart. [Doc. 62] at 1. State Police officers used Plaintiff's lot for traffic stops, which interfered with his business. *Id.* Plaintiff went through the appropriate administrative channels to request that State Police no longer pull people over into his lot. *Id.* Defendant Romero worked for the State Police in Socorro County. *Id.* On October 12, 2017, Romero surveilled traffic from Plaintiff's lot and conducted a traffic stop on it. *Id.* After Romero had finished citing the motorist, Plaintiff approached him in a calm manner and asked him to leave the lot and not use it in the future for traffic stops. *Id.* at 2, 4. Romero became enraged, handcuffed Plaintiff forcibly, put him in the police car, and booked him into custody. *Id.* at 2. Plaintiff was subsequently released without being charged. *Id.*

In Counts I–IV of the Amended Complaint, Plaintiff asserts state-law claims for assault, battery, false imprisonment, malicious abuse of process, and malicious prosecution. *Id.* In Count V, he claims that Romero violated his federal constitutional "right to be free from

unwarranted intrusion and to be free from illegal search and seizure" by parking on his lot to surveil traffic, conducting a traffic stop on his lot, and by arresting him without probable cause. *Id.* at 3–4. Plaintiff also asserts that Romero violated his federal constitutional right "to be free from false arrest" and "illegal seizure" by arresting him without probable cause.[3] *Id.*

### **Legal Standard**

To survive a motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[4] "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679; *see also Christy Sports, L.L.C. v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009). The complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause of action," because "courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quotation and citation omitted).

The complaint's sufficiency is a question of law, and, when considering a Rule 12(b)(6) motion, a court must accept as true all well-pled factual allegations in the complaint, view those

---

[3] In his Amended Complaint, Plaintiff also asserted a federal claim for malicious prosecution. [Doc. 62] at 3–4. However, in his Response brief, he conceded that his malicious prosecution argument fails to state a claim. [Doc. 68] at 3. Therefore, the Court will dismiss with prejudice the federal claim for malicious prosecution.

[4] The pleading standard described in *Twombly* and *Iqbal* is the standard that applies to pleadings in federal court, regardless of whether the case was removed after being initially filed in state court. *See Racher v. Westlake Nursing Home Ltd. P'ship*, 871 F.3d 1152, 1162 (10th Cir. 2017) (citing the *Erie* doctrine and noting that federal district courts must apply federal procedural law even when otherwise applying state substantiative law). Moreover, even if an argument could be made that federal courts should consider the state-pleading standard when reviewing a complaint initially filed in state court, such would not apply here because Plaintiff was given a chance to amend his complaint to comply with the federal pleading standards, and he did amend. *See* [Docs. 60, 61, 62].

allegations in the light most favorable to the nonmoving party, and draw all reasonable inferences in the plaintiff's favor. *See United States ex rel. Reed v. KeyPoint Gov't Sols.*, 923 F.3d 729, 764 (10th Cir. 2019) ("Dismissal under Rule 12(b)(6) is appropriate only if the complaint, viewed in the light most favorable to plaintiff, lacks enough facts to state a claim to relief that is plausible on its face.") (quotations and citations omitted); *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) ("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff.") (citing *Moore v. Guthrie*, 438 F.3d 1036, 1039 (10th Cir. 2006)); *Dias v. City & Cnty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) ("Granting a motion to dismiss is a harsh remedy which must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleading but also to protect the interests of justice.") (internal quotation marks and alterations omitted).

Moreover, the court's role when reviewing a motion to dismiss for failure to state a claim "is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991). When reviewing a Rule 12(b)(6) motion to dismiss, courts "must determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). Finally, the moving party "bears the burden of proving the basis for dismissal." Clifford S. Fishman & Anne T. McKenna, *Jones on Evidence*, § 3:29.10. Shifting burdens; motions to dismiss, ¶ 1 (7th ed.) (updated May 2020).

**Discussion**

Plaintiff asserts that Officer Romero violated his constitutional rights in three ways: by parking on Plaintiff's lot to surveil traffic, by conducting a traffic stop on Plaintiff's lot, and by arresting Plaintiff without probable cause. [Doc. 62] at 3–4. Defendants contend that Count V must be dismissed for failure to state a claim because the Defendant state entities are not proper parties; because trespass is not a cognizable claim; and to the extent that Count V states a claim for unlawful arrest, Defendant Romero is entitled to qualified immunity. [Doc. 63] at 3. The Court agrees in part.

Section 1983 creates only a right of action. It does not create any substantive rights; substantive rights must come from the Constitution or federal statute. *See* 42 U.S.C. § 1983; *Spielman v. Hildebrand*, 873 F.2d 1377, 1386 (10th Cir. 1989). To state a claim on which relief can be granted under § 1983 a plaintiff must allege: "(1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of [state law]." *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss a § 1983 complaint must assert a legal argument that defendants violated a particular law or constitutional provision, and it must allege sufficient facts to support that legal argument.[5] *See Graham v. Connor*, 490 U.S. 386, 394 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 140 (1979)) ("'The first inquiry in any § 1983 suit' is 'to isolate the precise constitutional violation with which [the defendant] is charged.'"). Importantly, § 1983 claims can only be brought against a "person" acting under color

---

[5] *See also* Martin A. Schwartz, *Section 1983 Litigation*, 32 (Kris Markarian, ed., Federal Judicial Center 3d ed. 2014) ("Whether the plaintiff has alleged a proper constitutional claim under § 1983 depends on the meaning of the particular constitutional provision at issue, not on an interpretation of § 1983.").

of state law. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). State officials acting in their official capacities are not "persons" within the meaning of § 1983 because a suit against a state official in his official capacity is a suit against the state itself. *Id.*

### A. State-Entity Defendants

Defendants argue that Count V fails to state a claim against the state-entity Defendants. The Court agrees. A cause of action under § 1983 requires the deprivation of a civil right by a "person" acting under color of state law. 42 U.S.C. § 1983; *Will*, 491 U.S. at 71 ("[N]either a State nor its officials acting in their official capacities are 'persons' under § 1983."). Thus, Count V against the State of New Mexico will be dismissed with prejudice because the State is not a "person" and therefore not a proper defendant in any § 1983 claim. *See Will*, 491 U.S. at 71.

Likewise, the State Police is an arm of the State, and a suit against it is construed as a suit against the State.[6] *See id.* at 60 (construing a suit against the "Michigan Department of State Police" as a suit against the State of Michigan). Just as the State of New Mexico is not a proper defendant, neither is the New Mexico State Police. *See id.* at 71. Count V against the New Mexico State Police will be dismissed with prejudice. *See id.*

Finally, state officials acting in their official capacities are not "persons" and therefore not proper defendants in § 1983 claims.[7] *Id.* Therefore, Count V will be dismissed with prejudice as against Defendant Romero in his official capacity. *See id.*

---

[6] Because Plaintiff's claims against the New Mexico State Police are claims against the State of New Mexico, Defendants' argument that the Eleventh Amendment prevents a suit against Defendant the New Mexico State Police is rejected. *See* [Doc. 63] at 13–14. In this case, the State of New Mexico removed the case from state court to federal court and thereby waived Eleventh Amendment immunity. *See Cornforth v. Univ. of Okla. Bd. of Regents*, 263 F.3d 1129, 1132 (10th Cir. 2001); *McLaughlin v. Bd. of Trs. of State Colleges of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000). Thus, the Eleventh Amendment does not divest this Court of subject-matter jurisdiction because the State consented to this Court's jurisdiction when it removed the case. *See McLaughlin*, 215 F.3d at 1172.

[7] An exception to this rule exists where the plaintiff seeks injunctive relief, *Will*, 491 U.S. at 71 n.10, but such does not apply in this case because Plaintiff is only seeking damages and not injunctive relief, *see* [Doc. 62] at 5.

### B. Defendant Romero in His Individual Capacity

When acting in his individual capacity, Romero is a "person" and thus a proper defendant in this § 1983 action. *See id.* The only question is whether the claims against him meet the *Iqbal* standard. Again, Plaintiff alleges that Romero violated his constitutional rights in three ways: by parking on Plaintiff's lot to surveil traffic, by conducting a traffic stop on Plaintiff's lot, and by arresting Plaintiff without probable cause. [Doc. 62] at 3–4. Romero argues that these claims must be dismissed because (1) any claim based on trespass fails to state a claim, and (2) he is entitled to qualified immunity to the extent Count V states a claim for unlawful arrest. [Doc. 63] at 3.

#### 1. Fourth Amendment: Unreasonable Searches and Trespass

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against *unreasonable searches and seizures*." U.S. Const. amend. IV (emphasis added). Although part of the foundation of the amendment is rooted in common-law trespass, a trespass alone is not enough to violate the Constitution because one can trespass without searching for or seizing anything. *United States v. Jones*, 565 U.S. 400, 408 n.5 (2012) ("A trespass on 'houses' or 'effects' . . . is not alone a *search* unless it is done to obtain information; and the obtaining of information is not alone a *search* unless it is achieved by such a trespass or invasion of privacy.") (emphasis added). Thus, absent information gathering or an unreasonable seizure, a trespass itself cannot trigger Fourth Amendment protections. *Id.* Therefore, to the extent Plaintiff asserts a claim for trespass, or "unwarranted intrusion," against Romero in his individual capacity, Plaintiff has not alleged "a violation of rights protected by the federal Constitution or created by

federal statute or regulation," as required to state a § 1983 claim. *See Summum*, 297 F.3d at 1000; *Graham*, 490 U.S. at 394.[8]

### 2. Fourth Amendment: Unreasonable Seizures and False Arrests

The Fourth Amendment protects against unreasonable seizures. U.S. Const. amend. IV. An arrest plainly constitutes a seizure. *Torres v. Madrid*, 141 S. Ct. 989, 996 (2021); *see also United States v. Mendenhall*, 446 U.S. 544, 554 (1980) (stating that a seizure occurs when "a reasonable person would have believed that he was not free to leave"). Moreover, it is well established that "[a] warrantless arrest violates the Fourth Amendment unless it was supported by probable cause." *Keylon v. City of Albuquerque*, 535 F.3d 1210, 1216 (10th Cir. 2008) (citing *Fogarty v. Gallegos*, 523 F.3d 1147, 1156 (10th Cir. 2008)). Probable cause is an objective standard and "exists if [the] facts and circumstances within the arresting officer's knowledge," at the time of the arrest, would have been sufficient "to lead a prudent person to believe that the arrestee has committed or is

---

[8] Even construing the claim "so as to do justice," *see* Fed. R. Civ. P. 8(e), it does not "state a claim to relief that is plausible on its face." *See Twombly*, 550 U.S. at 570. Plaintiff's claim based on Romero's presence on Plaintiff's open lot does not state a claim for relief because a trespass itself, without more, does not violate the Fourth Amendment. *See Jones*, 565 U.S. at 408 n.5. Plaintiff appears to rely on *Jones v. Hunt* to allege a violation of his rights to be free from "unwarranted intrusion" and "unlawful search and seizure." [Doc. 62] at 3–4 (quoting *Jones v. Hunt* and declaring that "[t]he Fourth Amendment to the United States Constitution protects a citizen's right to be free from unwarranted intrusion and to be free from unlawful search and seizure"). However, *Jones v. Hunt* examined whether a high school student was "seized" when a deputy and state social worker cornered her in her high school counselor's office and threatened to arrest her if she did not move back in with her abusive father. 410 F.3d at 1223–25. Plaintiff appears to argue that the Tenth Circuit's one-time use of the phrase "unwarranted intrusion" in *Jones v. Hunt* implies that the Fourth Amendment protects against common-law trespass, but such is not how the phrase was used in context nor is such accurate under controlling caselaw. *See Jones*, 565 U.S. at 408 n.5 ("A trespass on 'houses' or 'effects' . . . is not alone a search unless it is done to obtain information; and the obtaining of information is not alone a search unless it is achieved by such a trespass or invasion of privacy.").

Moreover, the Fourth Amendment does not prevent the government from gathering information in "open fields," even if those fields are privately owned. *Florida v. Jardines*, 569 U.S. 1, 6 (2013) (citing *Hester v. United States*, 265 U.S. 57 (1924)); *see also Oliver v. United States*, 466 U.S. 170, 181 (1984) ("We conclude, from the text of the Fourth Amendment and from the historical and contemporary understanding of its purposes, that an individual has no legitimate expectation that open fields will remain free from warrantless intrusion by government officers."). Therefore, even if Defendant Romero had conducted a warrantless search of Plaintiff's privately owned open lot, such would not have violated the Fourth Amendment because of the "open fields" doctrine. *See Jardines*, 569 U.S. at 6; *Oliver*, 466 U.S. at 181.

committing an offense." *Id.* (quoting *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995)). Thus, the Fourth Amendment protection against unreasonable seizures includes false arrests—warrantless arrests unsupported by probable cause. *See id.*

Romero has failed to show that the false arrest claim against him must be dismissed for failure to state a claim. There are two elements of a claim for false arrest based on a warrantless arrest, (1) an arrest, and (2) no probable cause at the time of the arrest. *See Keylon*, 535 F.3d at 1216. Here, Plaintiff has adequately alleged both elements. *See* [Doc. 62] at 4–5, ¶¶ 27–28. To be sure, lack of probable cause is a legal conclusion that the Court need not accept as true. *See Twombly*, 550 U.S. at 555. However, Plaintiff has sufficiently alleged facts that support the legal conclusion. Plaintiff alleges that after Romero "had finished citing the motorist," Plaintiff calmly approached him and "asked him to leave [Plaintiff's] private property and not to pull people over into his lot again as it was bad for business." [Doc. 62] at 2, ¶ 8. Immediately thereafter, Romero "became enraged," arrested him without explanation, and never charged him with any crime. *Id.* at ¶¶ 9–10. Thus, Plaintiff has alleged sufficient facts to support the legal conclusion that there was no probable cause for his arrest. *See Keylon*, 535 F.3d at 1216; *Forest Guardians*, 478 F.3d at 1160.

In response, Romero argues that there was probable cause to arrest Plaintiff for "interfering with a traffic investigation" or "obstructing his traffic investigation." [Doc. 63] at 12, 13. Yet, Romero's arguments are not supported by the facts alleged in the Amended Complaint. The facts alleged in the Amended Complaint do not show that Plaintiff interfered with or obstructed a traffic

9

investigation.[9] The Amended Complaint alleges that Plaintiff approached Romero after he had finished citing the motorist. [Doc. 62] at 2, ¶ 8. Read in the light most favorable to Plaintiff, *see United States ex rel. Reed*, 923 F.3d at 764, this allegation suggests that Romero's investigation was complete. Thus, Defendant has failed to show that the facts alleged by Plaintiff in his Amended Complaint would have put "a man of reasonable caution" on notice that Plaintiff was committing a crime. *See Cortez*, 478 F.3d at 1116. The facts, as pleaded in the Amended Complaint and viewed in the light most favorable to Plaintiff, tend to show that Romero arrested Plaintiff without probable cause, which makes Plaintiff's claim for false arrest plausible. *See Keylon*, 535 F.3d at 1216. Typically, nothing more is needed to survive a Rule 12(b)(6) motion to dismiss. *See Forest Guardians*, 478 F.3d at 1160.

### 3. Qualified Immunity

Defendant Romero also raises the defense of qualified immunity. [Doc. 63] at 8–13. The doctrine of qualified immunity shields public employees from both liability and "from the burdens of litigation" arising from their exercise of discretion. *Allstate Sweeping, LLC v. Black*, 706 F.3d 1261, 1266 (10th Cir. 2013) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)). When the defense is raised in a Rule 12(b)(6) motion to dismiss, the question before the court is whether Plaintiff "plead[ed] factual matter that, if taken as true, states a claim that [Romero] deprived him of his *clearly established* constitutional rights." *Iqbal*, 556 U.S. at 666 (emphasis added). Often,

---

[9] If Defendant had provided a citation to a New Mexico statute delineating such a crime, or to any New Mexico court case interpreting any statute to include such a crime, perhaps the Court could see how Defendant's arguments would be supported by the factual allegations in the Amended Complaint. But Defendant has provided no such citation. The Court conducted brief research into New Mexico criminal statutes that could relate to "interfering with a traffic investigation." Defendant may have intended to reference NMSA § 30-22-1 "Resisting, evading[,] or obstructing an officer." However, absent such specificity by Defendant, the Court has not conducted further research on how § 30-22-1 is interpreted by New Mexico courts, particularly in light of Plaintiff's allegation that he did not approach Defendant until *after* Defendant had concluded the traffic stop, [Doc. 62] at 2, ¶ 8.

courts describe this question as a two-prong analysis: whether the plaintiff pleaded facts showing "(1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). When deciding the second prong, courts are "not to define clearly established law at a high level of generality," *id.* at 742, but "should define the clearly established right at issue on the basis of the specific context of the case," *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quotations and citation omitted).

"When a warrantless arrest is the subject of a § 1983 action, the defendant arresting officer is 'entitled to immunity if a reasonable officer could have believed that probable cause existed to arrest' the plaintiff." *Romero*, 45 F.3d at 1476 (10th Cir. 1995) (quoting *Hunter v. Bryant*, 502 U.S. 224, 228 (1991)). In other words, although it is clearly established, as a general matter, that a warrantless arrest without probable cause is unconstitutional, if a reasonable officer could have been *reasonably mistaken* about the existence of probable cause, he is entitled to qualified immunity. *Anderson v. Creighton*, 483 U.S. 637, 640 (1987). The objective question is "whether a reasonable officer could have believed" Romero's arrest of Plaintiff was "lawful, in light of clearly established law and the information [Romero] possessed" at the time he made the arrest. *Id.* at 641.

In claiming qualified immunity, Romero argues that he had probable cause, or at least that he was reasonable in mistakenly believing he had probable cause, to arrest Plaintiff for "interfering with a traffic investigation" or "obstructing a traffic investigation."[10] [Doc. 63] at 12, 13. To

---

[10] *See infra* footnote 9. Moreover, assuming that Defendant intended to cite NMSA § 30-22-1, then it appears to the Court that *Keylon* would be particularly instructive in illustrating what law was clearly established at the time Defendant Romero arrested Plaintiff. *See* 535 F.3d at 1217 ("Because [the plaintiff] did not physically resist the investigation prior to her arrest and did not engage in any speech likely 'to incite an immediate breach of the peace,'

11

support his argument, Romero states that "Plaintiff . . . approached Officer Romero *while* Officer Romero was conducting a traffic stop on an unrelated third party." [Doc. 63] at 12 (emphasis added) (citing [Doc. 62] at ¶¶ 8, 25). But those facts are not supported by the Amended Complaint. In fact, they are directly contrary to the facts alleged in the Amended Complaint. Plaintiff alleges that he did not approach Romero until *after* he had finished citing the motorist, *see* [Doc. 62] at 2, ¶ 8, and this Court must accept that fact as true at this stage, *see Iqbal*, 556 U.S. at 678. When accepted as true and read in the light most favorable to Plaintiff, *see United States ex rel. Reed*, 923 F.3d at 764, this factual allegation suggests that Romero's investigation had concluded.

Romero also argues that Plaintiff "simply fails to assert any sort of link between the factual allegations and the assertion that there was no probable cause for the arrest." [Doc. 71] at 5. It would seem to the Court that that is precisely how one pleads facts to support a lack of probable cause; these events happened and based on those facts there was no probable cause. What else could Plaintiff allege at the pleading stage? According to the Amended Complaint, the arrest occurred *after* the traffic stop was completed. *Id.* Plaintiff need not delineate a list of crimes that he was not committing, or did not reasonably look to be committing, in order to get past the defense of qualified immunity *at the pleading stage*. Such is not the *Iqbal* standard. *See* 556 U.S. at 666. The facts as alleged are sufficient to state a claim that no reasonable officer could have reasonably believed that he had probable cause to arrest Plaintiff. Additional facts could come to light in the course of discovery that would change the analysis. But on this Motion to Dismiss, the Court must accept as true the factual allegations in the Amended Complaint, without adding to them, and read

---

[the defendant officer] did not have probable cause to believe she had violated § 30-22-1.") (citation omitted). In this case, based on the factual allegations, Plaintiff did not physically resist Romero's investigation and did not engage in any abusive speech; therefore, Romero should have been on notice that he did not have probable cause to arrest Plaintiff for violating § 30-22-1.

12

them in the light most favorable to the nonmoving party.[11] *See id.*; *United States ex rel. Reed*, 923 F.3d at 764. Accordingly, Defendant Romero has failed to show that Plaintiff did not "plead [sufficient] factual matter that, if taken as true, states a claim that [Defendant Romero] deprived him of his clearly established constitutional rights." *See Iqbal*, 556 U.S. at 666.

## Conclusion

The Court will grant Defendants' Motion to Dismiss Count V in part. The Court finds that Count V of the Amended Complaint fails to state a claim against the State of New Mexico, the New Mexico State Police, and Officer Romero in his official capacity. Count V will be dismissed with prejudice as against those entities. Furthermore, the claims in Count V against Officer Romero in his individual capacity for trespass ("unwarranted intrusion") and malicious prosecution will be dismissed with prejudice for failure to state a claim. However, the Court will deny the Motion as it pertains to Plaintiff's claim for false arrest against Officer Romero in his individual capacity.

Accordingly, after the entry of this Memorandum Opinion and Order, the claims that remain are: the state-law claims in Counts I–IV against all Defendants and the federal constitutional claim for false arrest in Count V against Officer Romero in his individual capacity.

---

[11] As "cases on point with similar factual bases," Defendant urges the Court to rely on *Holdridge v. Blank*, 255 F. Supp. 3d 1088 (D. Colo. 2017) and *Martin v. City of Okla. City*, 180 F. Supp. 3d 978 (W.D. Okla. 2016). [Doc. 63] at 11. However, the facts in *Holdridge*, viewed in the light most favorable to the plaintiff on the defendants' motion for summary judgment, showed that the plaintiff approached the defendant officer in an agitated manner, *while* the officer was conducting an investigatory stop of another person. 255 F. Supp. 3d at 1090. Before the defendant arrested the plaintiff, he *twice* ordered the plaintiff to stop approaching him. *Id.* at 1090–91. Similarly, the facts in *Martin*, viewed in the light most favorable to the plaintiff on the defendants' motion for summary judgment, showed that the plaintiff approached the defendant officers *while* they were actively struggling to arrest another person. 180 F. Supp. 3d at 984–85. Before the defendant officers arrested the plaintiff, at least two of them ordered the plaintiff to back away. *Id.* Thus, neither *Holdridge* nor *Martin* is "on point." In this case, the facts as alleged state that Defendant Romero was not in the middle of his traffic investigation and arrested Plaintiff immediately after Plaintiff calmly approached him and asked him to leave, without any warning. [Doc. 62] at 2.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss Count V [Doc. 63] is **GRANTED** in part as to the state-entity Defendants. Count V, against the State of New Mexico, the New Mexico State Police, and Officer Romero in his official capacity, is **dismissed with prejudice**. No claim in Count V remains against Defendants the State of New Mexico, the New Mexico State Police, and Officer Romero in his official capacity.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Count V [Doc. 63] is **GRANTED** in part as to Defendant Romero in his individual capacity. Plaintiff's claims in Count V for trespass ("unwarranted intrusion") and malicious prosecution, against Officer Romero in his individual capacity, are **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss Count V [Doc. 63] is **DENIED** in part as to Defendant Romero in his individual capacity. Plaintiff's claim in Count V for false arrest, against Officer Romero in his individual capacity, remains. Accordingly, the only claim in Count V that remains is the claim for false arrest against Officer Romero in his individual capacity.

**IT IS FURTHER ORDERED** that Defendants answer Plaintiff's Amended Complaint [Doc. 62], as to the claims that remain, no later than **May 11, 2021.** *See* Fed. R. Civ. P. 12(a)(4)(A).

**IT IS SO ORDERED.**

                                                              **STEPHAN M. VIDMAR**
                                                              **United States Magistrate Judge**
                                                              **Presiding by Consent**